IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM THOMPSON                                                                                     PLAINTIFF

vs.                                          Civil No. 5:08-cv-05006

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

William Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff filed the current applications for a period of disability, DIB, and SSI on January 6, 2004. (Tr. 11, 182-184).[1] Plaintiff had previously filed an application for disability benefits on November 14, 1989, and this request for benefits was granted on October 19, 1990. (Tr. 11).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff's case came under continuing disability review, and Plaintiff was asked to submit to a consultative examination in order to determine if his impairment severity continued. *See id.* Plaintiff did not submit to this examination, and on July 1, 1995, his benefits ceased. *See id.* Plaintiff did not pursue this claim any further but instead filed these new applications for benefits. *See id.*

In the current applications, Plaintiff alleged he was disabled due to back pain, depression, and being unable to use his left arm. (Tr. 188). At the administrative hearing on February 15, 2005, Plaintiff also alleged he was disabled due to pain in his right hand. (Tr. 388). Plaintiff alleged an onset date of January 1, 1988. (Tr. 182). These applications were denied initially on May 14, 2004 and were denied again on reconsideration on July 27, 2004. (Tr. 152-155). On September 14, 2004, Plaintiff requested an administrative hearing on his applications. (Tr. 169). This hearing was held on February 15, 2005 in Fayetteville, Arkansas. (Tr. 378-392). Plaintiff was present but, despite being advised of his right to be represented, he was not represented by counsel at this hearing. *See id.* Only Plaintiff testified at this hearing. *See id.* On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed the tenth grade in school. *See id.*

On September 14, 2005, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the nondisability requirements for a period of disability and DIB and was insured for benefits through September 20, 2000. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since "at least" October 1, 1995. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: mild osteoarthritis in his cervical spine

2

and lumbar spine and a history of diabetes mellitus. (Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18, Findings 5-6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations not totally credible. (Tr. 18, Finding 5). Second, the ALJ determined that, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the following RFC:

> The undersigned finds that the claimant has the residual functional capacity to lift and/or carry 30 pounds occasionally and 20 pounds frequently, stand and/or walk four hours in an eight-hour workday and stand and/or walk one hour without interruption. Further, the undersigned finds that the claimant does not have any limitation in his ability to sit during an eight-hour workday but that he can only occasionally climb, balance and kneel and can never crouch or crawl.

(Tr. 18, Finding 5).

The ALJ then determined that Plaintiff would still be able to perform his Past Relevant Work ("PRW"). Only Plaintiff testified at the administrative hearing regarding this issue. (Tr. 384-386). Specifically, Plaintiff testified that his PRW was as a line worker for Campbell's Soup. *See id.* Plaintiff testified that this PRW involved lifting five pound bags of salt and sodium and then pressing different buttons to send the soup mixture down the line. *See id.* The ALJ determined, considering his RFC and his PRW, that Plaintiff would be able to perform his PRW. (Tr. 18, Finding 7). Thereafter, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time through the date of his decision or through September 14, 2005. (Tr. 19, Finding 9).

3

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 330-356). *See* 20 C.F.R. § 404.968. On November 26, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On January 9, 2008, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ failed in his duty to fully and fairly develop the record with an unrepresented claimant and (B) the ALJ erred by discounting Plaintiff's allegations of disabling pain solely based upon the observations of third parties. (Doc. No. 6, Pages 4-10). Specifically, Plaintiff claims the ALJ did not fully explain to him

the limitation on attorney's fees and did not fully investigate the relevant issues. *See id.* Plaintiff also claims that instead of discounting his subjective complaints based upon inconsistencies in the record as a whole, the ALJ discounted Plaintiff's subjective complaints based upon the subjective observations made by third parties. *See id.*

In response, Defendant argues that the ALJ fully and fairly developed the record in Plaintiff's case. (Doc. No. 7, Pages 4-9). Defendant argues that the ALJ properly notified Plaintiff of his right to counsel, and Plaintiff waived his right to counsel and instead chose to proceed *pro se. See id.* Defendant argues that such a waiver was done "knowingly and intelligently." *See id.* Defendant also argues that the ALJ properly developed the record with the relevant facts. *See id.* Defendant argues that even if the ALJ did not properly develop the record, Plaintiff has not shown prejudice and, therefore, is not entitled to a remand. *See id.* Finally, Defendant argues that the ALJ properly assessed Plaintiff's subjective complaints and discounted those complaints for legally-sufficient reasons. *See id.*

### A. ALJ's Development of the Record

Plaintiff raises two issues regarding the ALJ's development of the record. (Doc. No. 6, Pages 4-7). First, Plaintiff argues that the ALJ did not fully explain to him that an attorney's fee was limited to twenty-five percent of past-due benefits. *See id.* Plaintiff claims that in "failing to properly inform Claimant of the limitation on attorneys' fees, the ALJ committed reversible error." *See id.* In response, Defendant claims that even though Plaintiff may not have been notified of the exact limitation on attorney's fees, Plaintiff was notified on at least four separate occasions that he had the right to be represented at the administrative hearing. (Doc. No. 7, Pages 4-6). Specifically, Defendant claims Plaintiff was notified in the following four ways: (1) in the request for hearing

6

form in which Plaintiff acknowledged that he understood he had a right to be represented at the hearing; (2) in a letter from the SSA dated September 16, 2004 which advised Plaintiff to find a representative "immediately" if representation was desired; (3) in the "Notice of Hearing" form from January of 2005 which informed him again that "[i]f you want to have a representative, please get one right away . . ."; and (4) in a form presented to Plaintiff at the administrative hearing which Plaintiff signed indicating his desire to represent himself. *See id.*

This Court finds that Plaintiff was more than adequately informed of his right to be represented by counsel. As noted by Defendant, Plaintiff was informed in writing on at least four different occasions of his right to be represented by counsel. Plaintiff was also informed about the fees attorneys charge: "Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or receive any fee unless we approve it." (Tr. 170). Such notice is sufficient to satisfy the requirements in the Eighth Circuit for notifying a claimant of his or her right to representation. *See Wingert v. Bowen,* 894 F.2d 296, 298 (8th Cir. 1990) (holding that the SSA's notice of hearing which clearly explained a claimant's right to counsel and the claimant's reply to such a notice which indicated a desire to proceed without counsel and a reasonable grasp of the regulations and procedure involved satisfied the SSA's duty to notify the claimant of a right to counsel). Accordingly, this Court finds Plaintiff's first claim is without merit.

Second, Plaintiff argues that the ALJ did not properly develop the record for the relevant time period. (Doc. No. 6, Pages 5-7). Specifically, Plaintiff argues that the ALJ failed to develop the record as to why Plaintiff had been unable to submit to a consultative examination for a continuing disability review, failed to give Plaintiff the opportunity to describe his condition during the relevant

time period, and failed to contact Dr. Christian Abels, D.C. who found Plaintiff was only functioning at 50% of his normal capacity. *See id.*

In response, Defendant argues that the ALJ was not required to develop the record regarding Plaintiff's reasons for failing to submit to a consultative examination. (Doc. No. 7, Pages 6-7). Defendant argues that the administrative hearing on February 15, 2005 related to Plaintiff's *newly-filed application* for disability benefits, not to Plaintiff's original application for disability benefits. *See id.* Defendant argues that "the reason for Plaintiff failing to submit to the consultative examination was irrelevant at the February 2005 hearing." *See id.* Defendant also argues that even if the ALJ had not fully developed the record, Plaintiff was still not entitled to a remand because he never established he was prejudiced by the ALJ's failure to develop the record. *See id.* Finally, Defendant argues that the ALJ properly found Dr. Abels's opinion as a chiropractor was entitled to little weight. *See id.*

Plaintiff's first argument is that the ALJ should have questioned him about his reasons for failing to submit to a continuing disability to review. (Doc. No. 6, Pages 5-6). This Court finds this argument is without merit. The record establishes that instead of appealing his cessation of benefits from the continuing disability review, Plaintiff instead chose to file a new application for disability benefits. (Tr. 182-184). This new application is entirely separate from Plaintiff's previous application for disability benefits, and during the administrative hearing on February 15, 2005, the ALJ was not required to examine Plaintiff's previous application for benefits and explore the reasons Plaintiff failed to submit to a continuing disability review.

Plaintiff's second argument is that the ALJ erred by failing to give Plaintiff the opportunity to describe his condition during the relevant time period. (Doc. No. 6, Pages 5-6). This Court finds

this argument is also without merit. When the ALJ held the administrative hearing on February 15, 2005, the ALJ asked Plaintiff questions related to his disability and his impairments. (Tr. 378-392). While the ALJ was not as thorough as he could have been with his questioning, the transcript from the hearing was not the only source of information the ALJ used to determine whether Plaintiff was disabled. The ALJ also had Plaintiff's medical records and documents that had been previously submitted to the SSA. This Court finds this information was sufficient for the ALJ to make his decision. *See Battles v. Shalala,* 36 F.3d 4, 45 (holding that while an ALJ is not required to go to "inordinate lengths to develop a claimant's case," the ALJ should "make an investigation that is not wholly inadequate under the circumstances") (internal citations omitted). In this case the ALJ's questioning was "not wholly inadequate."

Furthermore, even assuming the ALJ's development of the record was not sufficient, Plaintiff is not entitled to remand unless he shows he was prejudiced or treated unfairly due to the ALJ's failure. *See Onstead v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993). In this case, Plaintiff has not established that the ALJ's further development of the record would have made any difference in his case or could have changed the outcome. Pursuant to *Onstead,* without some type of showing of prejudice or unfairness, this Court cannot remand this action. *See id.* The bare claim that the ALJ failed to develop the record is simply not sufficient.

Plaintiff's third argument is that the ALJ erred by not relying upon the opinion of Dr. Abels. (Doc. No. 6, Pages 6-7). Plaintiff argues that Dr. Abels found he was only functioning at 50% of his normal capacity and that Dr. Abels's opinion is entitled to substantial weight. *See id.* This Court also finds this argument is without merit. Importantly, this Court notes that Dr. Abels is a chiropractor. (Tr. 245). As found both in the Social Security Regulations ("SSR") and in Eighth

Circuit precedent, a chiropractor is not an "acceptable medical source" in a disability determination. *See Ingram v. Chater,* 107 F.3d 598, 601 n.4 (8th Cir. 1997) (declining to rely upon the x-ray evidence of a chiropractor because a chiropractor is not an "acceptable" medical source (citing 20 C.F.R. § 404.1513)). Accordingly, this Court also declines to rely on Dr. Abels's opinion in determining whether Plaintiff was disabled during the relevant time period.

  **B.**  **ALJ's Credibility Determination**

Plaintiff argues that the ALJ erred in evaluating his subjective complaints. (Doc. No. 6, Pages 7-10). Specifically, Plaintiff argues the ALJ improperly relied upon the personal observations of Plaintiff's physicians and improperly discounted Plaintiff's subjective complaints based upon his history of incarcerations. *See id.* In response, Defendant argues that the ALJ properly evaluated Plaintiff's subjective complaints of pain and discomfort and discounted them for legally-sufficient reasons. (Doc. No. 7, Pages 9-15). Defendant claims this credibility determination is supported by Plaintiff's medical records and Plaintiff's history of exaggerated behaviors as observed by his examining physicians. *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court cannot find that the ALJ properly evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski.* In his opinion, the ALJ did not make much, if any, effort to analyze the *Polaski* factors or meet the requirements of 20 C.F.R. § 404.1529 or 20 C.F.R. § 416.929. Instead, the ALJ merely made the following statement:

> In making this assessment, the undersigned must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the

11

> requirements of 20 CFR 404.1529, 20 CFR 416.929, Polaski v. Heckler, 739 F.2d 1320, 751 F.2d 943 (8th Cir. 1984) and Social Security Ruling 96-7p. The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations (20 CFR 404.1527, 20 CFR 416.927 and Social Security Rulings 96-2p and 96-6p).

(Tr. 15).

Then, in his opinion, the ALJ noted the following inconsistencies: (1) Plaintiff's reported symptoms were much more severe than those found by his physicians, and Plaintiff exaggerated some of the symptoms he reported to his examining physicians; (2) despite his subjective complaints of disabling pain and other limitations, Plaintiff did not consistently seek medical treatment for his alleged disabilities; (3) Plaintiff's claims were not entirely credible because he had a past history of incarcerations; and (4) Plaintiff's claimed limitations on activities of daily living were so severe that they must have been "of his choice." (Tr. 15-18). The ALJ's failure to purposefully examine at least *one* of the *Polaski* factors is wholly insufficient.[3] On remand, the ALJ must analyze the *Polaski* factors and follow the requirements of 20 C.F.R. § 404.1529 or 20 C.F.R. § 416.929.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[3] It appears that in finding these four inconsistencies, the ALJ may have incidentally addressed some of the *Polaski* factors. However, this incidental discussion is not sufficient. The ALJ should purposefully analyze the *Polaski* factors.

12

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.  See**  *Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of May, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

13